IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-1122 |
| ARCHBISHOP OF NEW ORLEANS | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned complaint was filed on April 15, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The facts of the case as stated by Plaintiff are:

Archbishop of New Orleans issued Open Letter regarding a corporation opening for business in March of 2013, and issued directive its own corporation shall not do business with anyone involved in build out of said corporation. Subsequently said Archbishop issued Second Open Letter to its cohort corporations to allow participating build out Corporations to let transaction to take place;

ECF No. 1, p. 2.

Plaintiff describes his argument as:

Constitution may come before the court through 'we the people'; via qualified 'we the people'; and Plaintiff asserts Plaintiff is qualified part of 'we the people' to let Constitution come before the court. Under first amendment challenge; controversy does not meet "state's right to categorize' and "states' best interest"; then its unconstitutional; i.e. if categorization is incongruent, if there Is less intrusive way to achieve same thing; respectively. Archbishop of New Orleans could only have written open letter, on or about, March 2013 ipso facto in the prior ordo cogniscendi; through digital format; its follow letter(s) subsumes under it;

This is in violation of first amendment; in both State's right to categorize; and states' best interest. State's right to categorize could not give religion preferential treatment; allowing relation to have use of digital format; thus incongruous

>   categorization. In State's best interest, allowing Religion to access digital format; without constitutional mandate, violates due process of the law; when Prohibition had to obtain constitutional mandate; to repeal it; there is less intrusive way to let religion intentionally violate constitution.

*Id.*, pp. 3.

Plaintiff seeks an injunction ordering "all laws enabling archbishop to operate under digital format including sermon recorded in digital format; collection via digital format et al." *Id.*, p. 4. He also seeks an injunction ordering "all operations of any corporations including archdiocese; archbishop must not have operational power and or authorities" (*id.*, pp. 4-5) as well as an order directing the archdiocese of New Orleans, "cease and desist operation." *Id*. p. 5.

Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

>   To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Row*e, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty*., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the

plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

Date:   June 3, 2016                                        /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge